IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
REBA FLORES,                        )
                                    )
          Plaintiff,                )
                                    )
     v.                             )
                                    )    1:13CV513
CAROLYN W. COLVIN,                  )
Acting Commissioner of              )
Social Security Administration,     )
                                    )
          Defendant.                )
```

**ORDER**

The Recommendation of the United States Magistrate Judge (Doc. 15) was filed with the court in accordance with 28 U.S.C. § 636(b) and, on February 29, 2016, was served on the parties in this action. Plaintiff objected to the Recommendation. (Doc. 17.)

The court has made a de novo determination of those issues to which Plaintiff has properly objected, which is in accord with the Magistrate Judge's Recommendation. The court therefore adopts the Magistrate Judge's Recommendation but will briefly address Plaintiff's objections to the Recommendation.

An objecting party is required to identify specifically those findings objected to and to support such objection with the basis for it. Suntrust Mortg., Inc. v. Busby, 651 F. Supp. 2d 472, 476 (W.D.N.C. 2009). "A general objection, or one that merely restates

the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Id. (quoting Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)); see United States v. O'Neill, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998) ("[W]ithout specific reference to portions of the magistrate's decision and legal discussion on the objected portion, the district court's duty to make a de novo determination does not arise."). Similarly, general or conclusory objections that do not point to specific error do not require this court's de novo review and will result in the waiver of appellate review when the parties have been warned that failure to properly object will waive appellate review. E.g., Smith v. Wash. Mut. Bank FA, 308 F. App'x 707, 708 (4th Cir. 2009) (per curiam) (unpublished) (citing Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985)). In the absence of a valid objection, the court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). "A finding is clearly erroneous when, although there is

evidence to support it, on the entire evidence the reviewing court is left with the definite and firm conviction that a mistake has been committed." Faulconer v. C.I.R., 748 F.2d 890, 895 (4th Cir. 1984) (citing United States v. Gypsum Co., 333 U.S. 364, 395 (1948)).

Plaintiff has made three specific objections to the Recommendation. (Doc. 17 at 1.) First, Plaintiff "objects to the findings that 1) the [Administrative Law Judge ("ALJ")] did not err in his credibility determination and 2) such error is harmless in any event." (Id.) The Magistrate Judge found the ALJ erred by including certain boilerplate language prohibited by Mascio v. Colvin, 780 F.3d 632, 639 (4th Cir. 2015), but found this error harmless because, as approved by the Fourth Circuit, the ALJ "properly analyzed credibility elsewhere." Id.; (Tr. 74-78 (evaluating Plaintiff's credibility based on her personal testimony, observations of Plaintiff at the hearing, Plaintiff's daily activities, and medical records)). This was not error.

Second, Plaintiff claims that the ALJ failed to properly address the side effects of Plaintiff's medication and that this error was not harmless. (Doc. 17 at 1.) Plaintiff is correct that the ALJ made a misstatement. The ALJ incorrectly stated that "[n]o side effects of medication were reported." (Tr. 78.) This statement is not supported by substantial evidence. In fact,

3

shortly prior to making this statement, the ALJ recognized Plaintiff's claim "that her medications caused a side effect of dizziness." (Tr. 74.) Nevertheless, this error is harmless on this record. See Morton-Thompson v. Colvin, No. 3:14cv179, 2015 WL 5561210, at *7 (E.D. Va. Aug. 19, 2015) (detailing the application of the harmless error standard to Social Security Disability cases within the Fourth Circuit). The ALJ's decision to only partially credit the subjective limitations reported by Plaintiff is supported by substantial evidence (Tr. 74-78), and it is inconceivable that but for the misstatement this case would resolve differently.

Finally, Plaintiff asserts that the ALJ failed to properly address Plaintiff's inability to afford adequate health care, and that this error is not harmless. However, as articulated by the Magistrate Judge, it was not Plaintiff's failure to seek medical treatment, but instead the routine and conservative nature of the treatment recommended by Plaintiff's doctors that shaped the ALJ's determination of her credibility. (Tr. 78.) This was not improper.

Beyond these three specific objections, Plaintiff makes a general objection to the Recommendation by stating that "Plaintiff stands on her arguments set forth in her Memorandum in Support of Motion for Judgment on the Pleadings." (Doc. 17 at 1.) This is

4

not sufficient to trigger this court's de novo review, and instead results in the waiver of appellate review of issues other than the three specific objections addressed above. (See Doc. 16 (Notice mailed to the parties warning that failure to comply with Fed. R. Civ. P. 72(b) could result in waiver)). Nevertheless, this court has reviewed the Recommendation in full, but discerns no clear error therein.

IT IS THEREFORE ORDERED that the Plaintiff's motion for judgment on the pleadings (Doc. 11) is DENIED, that the Defendant's motion for judgment on the pleadings (Doc. 13) is GRANTED, that the Commissioner's decision finding no disability is AFFIRMED, and that this action is DISMISSED WITH PREJUDICE. A Judgment dismissing this action will be entered contemporaneously with this Order.

/s/ Thomas D. Schroeder
United States District Judge

June 2, 2016